**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AZ Pool Supplies Incorporated, an Arizona foreign corporation, | No. CV12-1214 PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Saltman Enterprises Incorporated, a revoked Arizona corporation, et al., | |
| Defendants. | |

Plaintiff's motion for inherent sanctions (Doc. 15) and its motion to disqualify counsel (Doc. 29) are denied, and Defendants' motion to quash the deposition of defense counsel (Doc. 30) is granted.

Plaintiff's motion for inherent sanctions is based on Defendants' answer to the complaint and should have been brought, if justified at all, under Federal Rule of Civil Procedure 11. That rule requires that the motion be served before filing, to afford opposing counsel an opportunity to address charges in the motion before the Court's time and resources are invoked to resolve the issue. Fed. R. Civ. P. 11(c)(2). Plaintiff's counsel cannot evade these requirements by appealing to the Court's inherent power. Moreover, the typical remedy for statements in a pleading with which opposing counsel disagrees is to litigate those issues and establish the correct facts, not to fire off a motion for sanctions.

Plaintiff's motion to disqualify counsel constitutes a similar tactical salvo rather

than a justified motion. Plaintiff seeks to disqualify defense counsel because he submitted an affidavit in response to Plaintiff's motion for sanctions and allegedly violated several ethical rules in the process, including making himself a witness in the litigation. To avoid the use of ethical rules for the tactical disqualification of opposing counsel, Arizona law provides that "[o]nly in extreme circumstances should a party to a lawsuit be allowed to interfere with the attorney-client relationship of his opponent." *Alexander v. Superior Court*, 685 P.2d 1309, 1313 (Ariz. 1984).

The allegations in the motion to disqualify do not approach extreme circumstances. Defense counsel filed the affidavit because Plaintiff's counsel had accused him of unethical conduct. And although Plaintiff's counsel may disagree with factual assertions made in the affidavit, the proper remedy is not to seek disqualification of opposing counsel, but to litigate the facts and establish the truth.

Plaintiff's counsel has issued a notice of deposition for defense counsel on the basis of defense counsel's affidavit. Defendant's motion to quash seeks to prevent the deposition. The motion will be granted and the deposition quashed. The deposition, like the motions discussed above, is a tactical move designed to obtain some advantage over opposing counsel or his client.

Plaintiff's counsel is warned that the Court will not tolerate further vexatious litigation tactics like those displayed in his motions and the deposition notice. The federal courts are available to achieve the just, speedy, and inexpensive resolution of genuine disputes. Fed. R. Civ. P. 1. Those goals cannot be achieved when parties or counsel engage in accusatory and vexatious litigation practice rather than focusing on the merits of the dispute. Plaintiff's counsel is also admonished that he should cease tossing out accusations of perjury and lies as though they were mere greetings. Courtesy, respect, and civility are mandatory in this Court.

**IT IS ORDERED:**

1. Plaintiff's motion for inherent sanctions (Doc. 15) is **denied**.
2. Plaintiff's motion to disqualify counsel (Doc. 29) is **denied**.

3. Defendants' motion to quash (Doc. 30) is **granted**.

Dated this 28th day of September, 2012.

_____
David G. Campbell
United States District Judge